IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA BEAR,
on behalf of CURTIS O. BEAR (deceased),

      Plaintiff,

vs.

                               Case No. 05-1261-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

## ORDER

      This matter comes before the court on defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Dkt. No. 8). The Commissioner argues that this court should permit the ALJ to reconsider plaintiff's employment status and income for 1998. Plaintiff does not disagree but asks that the ALJ consider Mr. Bear's employment for only the relevant months, November and December 1998. After reviewing the parties' arguments, the court grants defendant's motion as set forth herein.

      Pursuant to sentence four of 42 U.S.C. § 405(g), the court reverses and remands the case to the Commissioner. Upon remand, the ALJ will determine if plaintiff's 1998 earnings were wages or self-employment income and the actual hours plaintiff worked and/or performed services in the relevant months. If plaintiff was self-employed, the ALJ will fully consider and discuss all of the relevant factors set out in 20 C.F.R. § 404.1575. If plaintiff's 1998 earnings

were wages, the ALJ will ascertain the identity of plaintiff's employer and why plaintiff considered himself to be self-employed. The ALJ will fully consider and discuss all of the relevant factors set out in 20 C.F.R. § 404.1573 and § 404.1574 and, if necessary, conduct such further investigation as is needed to clarify the nature of plaintiff's earnings and services. If needed, the ALJ will develop plaintiff's earnings for years after 1998.

If the ALJ finds plaintiff did not perform substantial gainful activity during the relevant period, he will continue the sequential evaluation process. The ALJ will consider all of plaintiff's impairments, the credibility of plaintiff's widow and son, whether plaintiff met or equaled a listed impairment, and make a residual functional capacity finding. If, during the relevant period, plaintiff could not perform his past relevant work, the ALJ will determine at step five of the sequential evaluation process whether plaintiff was capable of other work existing in significant numbers in the economy. At step five, if plaintiff was capable of only sedentary work, at plaintiff's age of 50, the Medical Vocational Guidelines would direct a finding of disabled. If necessary, the ALJ will consider whether medical expert or vocational expert testimony is needed.

IT IS ACCORDINGLY ORDERED this 9th day of March 2006, that the court grants defendant's motion, reverses the decision of the ALJ, and remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the court will enter a separate, final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE